# EXHIBIT A

20CV02391
Div11

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| ROBERTA ANSON., individually )<br>and as Special Administrator of the ESTATE OF )<br>BARBARA BELL )<br>18408 Hickory St. )<br>Gardner, KS  66030 )<br>                                )<br>              Plaintiff,       )<br>v.                              )<br>                                )<br>HCP PRAIRIE VILLAGE KS OPCO LLC )<br>D/B/A BRIGHTON GARDENS OF PRAIRIE )<br>VILLAGE,                        )<br>                                )<br>**SERVE:**                      )<br>CT Corporation System           )<br>112 SW 7th Street Suite 3C     )<br>Topeka, KS  66603              )<br>                                )<br>and                             )<br>                                )<br>SUNRISE SENIOR LIVING MANAGEMENT, )<br>INC.,                           )<br>                                )<br>**SERVE:**                      )<br>The Corporation Company, Inc.   )<br>112 SW 7th Street Suite 3C     )<br>Topeka, KS  66603              )<br>                                )<br>and                             )<br>                                )<br>LISA BARNES,                    )<br>                                )<br>**SERVE:**                      )<br>12134 W. 82nd Terrace          )<br>Lenexa, KS  66215              )<br>                                )<br>and                             )<br>                                )<br>HEALTHPEAK PROPERTIES, INC.     )<br>                                )<br>**SERVE:**                      )<br>CT Corporation System           )<br>155 Federal Street, Suite 700   )  | Case No.<br>JURY TRIAL REQUESTED |

{181393.DOC }

*Clerk of the District Court, Johnson County Kansas*
*06/08/20  02:16pm ST*

Boston, MA  02110                                       )
and                                                     )
                                                        )
HCP S-H OPCO TRS LLC,                                   )
                                                        )
**SERVE:**                                              )
CT Corporation System                                   )
155 Federal Street, Suite 700                           )
Boston, MA  02110                                       )
                                                        )
and                                                     )
                                                        )
HCP SENIOR HOUSING PROPERTIES, LLC,                     )
                                                        )
**SERVE:**                                              )
CT Corporation System                                   )
155 Federal Street, Suite 700                           )
Boston, MA  02110                                       )
                                                        )
and                                                     )
                                                        )
SOLOMON HOLDINGS I                                      )
THE TRIANGLE, LLC                                       )
                                                        )
**SERVE:**                                              )
Jeanette Yosanovich                                     )
48 Old Roswell St.                                      )
Alpharetta, GA  30004                                   )
                                                        )
Cogency Global Inc.                                     )
2101 SW 21st Street                                     )
Topeka, KS  66604                                       )
                                                        )
and                                                     )
                                                        )
HCP MA 4 KANSAS CITY, KS LLC                            )
                                                        )
**SERVE:**                                              )
CT Corporation System                                   )
112 SW 7th Street, Suite 3C                             )
Topeka, KS  66603                                       )
                                                        )
         Defendants.                    )

*Clerk of the District Court, Johnson County Kansas*
*06/08/20  02:16pm ST*

## PETITION FOR DAMAGES

COMES NOW Roberta Anson, individually and as Special Administrator of the Estate of Barbara Bell, by and through counsel, and for the causes of action against Defendants, states as follows:

## PLAINTIFF

1. Barbara Bell died on May 20, 2020, at the age of 89. At the time of her death, Barbara Bell was a resident at Brighton Gardens of Prairie Village, 7105 Mission Road, Prairie Village, Kansas.

2. While a resident at Brighton Gardens, Barbara Bell was exposed to COVID-19, which caused her death.

3. Plaintiff Roberta Anson is a surviving adult daughter of Barbara Bell

4. Keith Bell is a surviving adult son of Barbara Bell. Although Keith Bell is not a named Plaintiff in this action, he has been notified of this cause of action pursuant to law.

5. Andrew Bell is a surviving adult grandson of Barbara Bell and heir at law. Although Andrew Bell is not a named Plaintiff in this action, he has been notified of this cause of action pursuant to law.

6. There are no other persons entitled to bring an action under Chapter 60, Sections 1901-1905 of the Statutes of the State of Kansas.

7. Roberta Anson has been appointed Special Administrator for the Estate of Barbara Bell, case number 20PR00474 filed in the District Court of Johnson County, Kansas.

## DEFENDANTS

### HCP Prairie Village KS OPCO LLC d/b/a Brighton Gardens of Prairie Village

8.  Defendant HCP Prairie Village KS OPCO LLC d/b/a Brighton Gardens of Prairie Village ("Brighton Gardens") was at all times material hereto a foreign for-profit corporation with its principal place of business located at 1920 Main Street Suite 1200, Irvine, California 92614, which owned and/or operated an assisted living facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas and is the holder of a State License issued by the State of Kansas to so operate the facility pursuant to K.S.A. Chapter 39.

9.  Brighton Gardens is an assisted living facility designed to provide a safe environment for residents.

### Sunrise Senior Living Management, Inc.

10. Defendant Sunrise Senior Living Management, Inc. ("Sunrise") was at all times material hereto a foreign limited liability company with its principal place of business located at 7902 Westpark Dr., McLean, Virginia 22102, which operated comprehensive home care services at a facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas and is the holder of a State License issued by the State of Kansas to so operate the facility pursuant to K.S.A. Chapter 39.

11. Sunrise was legally responsible for the comprehensive home care services owed to Barbara Bell during her residency at Brighton Gardens.

### Lisa Barnes

12. Defendant Lisa Barnes is a Kansas resident and has been Executive Director of Brighton Gardens since 2018, and was at all times relevant hereto a manager, and/or agent for one

or more of the above corporate entities and involved with the operation, management and/or control of a facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas, which is licensed by the State of Kansas as an assisted living facility.

### Healthpeak Properties, Inc.

13.     Defendant Healthpeak Properties, Inc. ("Healthpeak") was at all times material hereto a foreign corporation with its principal place of business located at 1920 Main Street, Suite 1200 c/o HCP, Inc., Irvine, California 92614 and is identified in public records as owning and/or operating comprehensive home care services at a facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas.

### HCP S-H OPCO TRS LLC

14.     Defendant HCP S-H OPCO TRS LLC ("OPCO") was at all times material hereto a foreign corporation with its principal place of business located at 1920 Main Street, Suite 1200 c/o HCP, Inc., Irvine, California 92614, and is identified in public records as owning and/or operating comprehensive home care services at a facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas.

### HCP Senior Housing Properties LLC

13.     Defendant HCP Senior Housing Properties LLC ("HCP Senior Housing Properties") was at all times material hereto a foreign corporation with its principal place of business located at 1920 Main Street, Suite 1200 c/o HCP, Inc., Irvine, California 92614, and is identified in public records as owning and/or operating comprehensive home care services at a facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas.

### Solomon Holdings I The Triangle, LLC

14. Defendant Solomon Holdings I The Triangle, LLC ("Solomon Holdings") was at all times material hereto a foreign corporation with its principal place of business located at 48 Roswell Street, Alpharetta Georgia 30004, and is identified in public documents as the business owner of Brighton Gardens of Prairie Village, located at 7105 Mission Road, Prairie Village, Kansas.

### HCP MA 4 Kansas City, KS, LLC

Defendant HCP MA 4 Kansas City, KS, LLC ("HCP MA 4") was at all times material hereto a foreign corporation with its principal place of business located at 3760 Kilroy Airport Way, Suite 300, Long Beach, California 90806, and is identified in public records as owning and/or operating the premises of a facility known as Brighton Gardens, located at 7105 Mission Road, Prairie Village, Kansas.

### **DEFENDANTS' JOINT ENTERPRISE**

14. Defendants Brighton Gardens, Sunrise, Lisa Barnes, Healthpeak, OPCO, and HCP Senior Housing Properties, Solomon Holdings, and HCP MA 4 are engaged in a joint enterprise in that:

    a. Defendants had an agreement, express and/or implied, among the members of the group to operate Brighton Gardens, which is a Kansas assisted living facility;

    b. Defendants had a common purpose to operate Brighton Gardens, which is a Kansas assisted living facility;

    c. Defendants had a community of pecuniary interest in the operation of Brighton Gardens, which is a Kansas assisted living facility; and

    d. Defendants had an equal right in the direction of the operation of Brighton Gardens, which is a Kansas assisted living facility, which gave the Defendants an equal right of control.

15. There has been a close relationship between the Defendants at all times relevant to the matters set forth in this Petition.

## JURISDICTION AND VENUE

16. All tortious acts set forth in this Petition occurred in Johnson County, Kansas, such that venue and jurisdiction are proper in this Court pursuant to K.S.A. § 60-603.

## AGENCY

17. At all times relevant, Defendants were acting by and through their nurses, administrators, agents, servants, and employees in providing care to Barbara Bell.

18. At all times relevant, the doctors, nurses, administrators, agents, servants, and employees of Defendants that provided care to Barbara Bell were acting within the course and scope of their employment with Defendants.

19. At all times material hereto, Defendants individually and collectively owed duties, some of which were non-delegable, to the residents of Brighton Gardens including to Barbara Bell, such duties being conferred by statue, existing at common law, and/or being voluntarily assumed by each Defendant.

20. Defendants' agents, servants, and employees had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of their profession in the care and treatment of Barbara Bell

21. The negligent acts and omissions described herein were committed by Defendants'

employees, staff, agents and/or servants while acting within the scope and course of their employment for Defendants.

## COUNT I - WRONGFUL DEATH

COMES NOW Plaintiff Roberta Anson, and for her claim for wrongful death, states as follows:

22.     Plaintiff incorporates by reference all prior paragraphs of this Petition, as though fully set forth herein.

23.     In or about 2018, Barbara Bell was admitted to Brighton Gardens, an assisted living facility, as a paying resident for the purpose of receiving protective care and oversight and all other necessary care for her existence because he was incapable of caring for herself.

24.     As a resident of Defendants' facility, Barbara Bell was entitled to receive adequate and appropriate medical treatment, nursing care, staff care, supervision, and assistance.

25.     Defendants owed a duty of care to Barbara Bell.

26.     During her residency at Brighton Gardens, Barbara Bell contracted COVID-19 as a direct result of exposure in the Brighton Gardens facility.

27.     On or before March 13, 2020, Brighton Gardens knew or should have known the vital importance of ensuring COVID-19 did not enter or spread in its facility.  This included monitoring both residents and staff for fever, cough, and other symptoms of COVID-19, adhering to social distancing guidelines, maintaining infection control procedures, and maintaining other sanitary procedures to prevent the spread of COVID-19 through items residents come in contact with.

28.     In early to mid-April, 2020, Brighton Gardens confirmed its first positive cases of

COVID-19 at its facility.

29. On or about April 24, 2020, thirteen (13) residents and seven (7) staff members had tested positive for COVID-19.

30. At all times relevant, Barbara Bell was quarantined in her room due to the COVID-19 outbreak.

31. Barbara Bell relied upon Defendants to provide for her health, safety, protection, and oversight.

32. Defendants, and the agents, servants, and employees of Defendants had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of their profession in providing timely medical intervention, nursing intervention, observations, and assessments to Gordon Grohman.

33. Defendants failed to be transparent with Barbara Bell's family at a time when the family could have removed Barbara Bell from the facility before she was exposed to COVID-19.

34. Barbara Bell was cut off from her family due to the quarantine and therefore was one hundred percent reliant on staff to assess her.

35. On or about May 1, 2020, Barbara Bell was diagnosed COVID-19 positive.

36. Brighton Gardens failed to intervene to obtain medical attention for Barbara Bell. Barbara Bell's family had to insist their mother's vitals be taken and that she be transported to the hospital on May 2, 2020.

37. On May 20, 2020, Barbara Bell died from COVID-19.

38. Defendants negligently failed to follow proper infection control protocols and prevent an outbreak of COVID-19.

39. Defendants failed to ensure its workers were not working with symptoms consistent with COVID-19.

40. Defendants failed to train, instruct, and/or monitor staff use of proper personal protective equipment to prevent spread of COVID-19.

41. Defendants failed to effectively separate those with symptoms of COVID-19 from the remaining population of the facility.

42. Defendants failed to adhere to social distancing guidelines put in place in March 2020 to keep its residents safe from being exposed to COVID-19.

43. Defendants otherwise failed to sufficiently control or manage the presence of COVID-19 in the facility.

44. Defendants failed to timely implement a plan of improvement to address the COVID-19 outbreak at the facility.

45. By June 8, 2020, there were 96 COVID-19 positive cases and 20 deaths reported at Brighton Gardens.

46. During the course of their care and treatment of Barbara Bell, Defendants' agents, servants, and employees breached their duty and were guilty of the following acts of negligence and carelessness by failing to measure up to the requisite standard of due care, skill, and practice ordinarily exercised by members of their profession under the same or similar circumstances, to-wit:

    a. failing to follow proper guidelines in place for the prevention of COVID-19 outbreaks in long term care facilities;

    b. failing to ensure its staff was not allowed to work at Brighton Gardens when

       they exhibited signs and symptoms consisted with COVID-19;

c.     failing to be transparent with Barbara Bell's family about the COVID-19 situation at the facility so they could remove her from the facility before she became infected;

d.     failing to instruct, train, and/or monitor staff regarding the appropriate use of personal protective equipment and infection control protocols;

e.     failing to properly respond to the presence of COVID-19 in the defendant facility to prevent spread;

f.     failing to timely request additional staff, resources, and other assistance from the public health entities available to respond to COVID-19;

g.     failing to separate residents with signs and symptoms of COVID-19 from the remaining resident population;

h.     failing to prevent staff members from coming into contact with both COVID-19 positive and negative residents such that staff members spread the virus from person to person;

i.     failing to adhere to social distancing guidelines put in place in March 2020 to keep its residents safe from being exposed to COVID-19;

j.     failing to timely, consistently, and properly assess, re-assess and document Barbara Bell's physical condition;

k.     failing to properly supervise and train Defendants' agents and/or servants who were responsible for the care, treatment, and oversight of Barbara Bell;

l.     failing to carry out and follow standing orders, instructions, and protocol

regarding the prevention of COVID-19;

m. failing to provide adequate training to staff regarding prevention of COVID-19;

n. failing to implement appropriate interventions and thereby allowing Barbara Bell to be exposed to COVID-19 in the defendant facility;

o. failing to document changes in Barbara Bell's condition;

p. failing to adequately assess Barbara Bell's risk for falling;

q. failing to implement effective interventions to keep Barbara Bell from falling;

r. failing to adequately, accurately and timely monitor Barbara Bell's changes in condition;

s. failing to timely respond to Barbara Bell's change in condition;

t. failing to timely advise Barbara Bell's family and doctor of her change in condition; and

u. failing to use that degree of care, skill, and diligence used by assisted living facilities in the same or similar communities and circumstances;

47. K.S.A.§ 39-932 grants the licensing agency of said state the power to adopt, amend, promulgate and enforce rules, regulations and standards with respect to adult care homes operating and licensed in the State of Kansas, in order to promote safe, proper and adequate treatment and the care of residents in said adult care homes.

48. K.S.A. § 39-937 states that all pertinent laws of this state and lawfully adopted ordinances and rules and regulations shall be strictly complied with in the operation of any adult care home in this state and Defendants did not comply with the same.

49. Barbara Bell was a member of the class of persons intended to be protected by the enactment of the aforementioned state and federal regulations.

50. Plaintiff Roberta Anson is a member of the class of individuals authorized to pursue the wrongful death claim involving Barbara Bell, as stated herein, and pursuant to Chapter 60, Sections 1901, 1902, 1903, 1904, and 1905 of the Statutes of the State of Kansas.

51. As a direct and proximate result of the Defendants' negligence as stated above, Barbara Bell suffered severe pain, anxiety, mental distress, and ultimately death. Said injuries caused Barbara Bell to incur medical bills. Additionally, Barbara Bell was required to undergo treatment for her condition, and expenses for her medical care, funeral, and final disposition have been incurred.

52. As a further, direct and proximate cause of the negligence of Defendants, Plaintiff has sustained losses because of Barbara Bell's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

WHEREFORE, Plaintiff Roberta Anson prays for judgment against Defendants for a sum in excess of $75,000.00, and for any and all other damages as may be appropriate or to which they may be entitled by law.

## COUNT II - LOST CHANCE OF SURVIVAL

COMES NOW Plaintiff Estate of Barbara Bell, by and through its Special Administrator, Roberta Anson, and for its claim against Defendants, states and alleges as follows:

53. Plaintiff incorporates by reference each and every allegation set forth in all prior paragraphs as though fully set forth herein.

54. Roberta Anson brings this Count as the Special Administrator for the Estate of Barbara Bell, case number 20PR00474 filed in the District Court of Johnson County, Kansas.

55. Defendants' negligence in failing to properly care for Barbara Bell directly and proximately caused, or directly and proximately contributed to cause, the decedent to lose her material chance of survival.

56. As a direct and proximate result of the carelessness and negligence of Defendants as aforesaid, Barbara Bell suffered the following injuries:

    a. Barbara Bell's ability to survive and significant material chance of survival were taken away by Defendants' negligence;

    b. Barbara Bell suffered the loss of her chance of survival and with it the loss of her future enjoyment of life; and

    c. Barbara Bell was required to undergo treatment for her injuries and incurred expenses for her medical care.

WHEREFORE, by reason of the premises contained herein, Plaintiff prays for judgment against Defendants, for such sums as are fair and reasonable together with the costs herein incurred and expended and for such other relief the court deems just and proper.

## COUNT III - NEGLIGENCE

COMES NOW Plaintiff Estate of Barbara Bell, by and through its Special Administrator, Roberta Anson, and for its claim against Defendants, states as follows:

57. Plaintiff incorporates by reference each and every allegation set forth in all prior paragraphs as though fully set forth herein.

58. Roberta Anson brings this Count as the Special Administrator for the Estate of Barbara Bell, case number 20PR00474 filed in the District Court of Johnson County, Kansas.

*Clerk of the District Court, Johnson County Kansas*
*06/08/20 02:16pm ST*

59. As a direct and proximate result of the Defendants' negligence as stated above, Barbara Bell was allowed to be exposed to and contract COVID-19, causing him to experience pain, suffering, and ultimately death. Barbara Bell was required to undergo treatment for her conditions and incurred expenses for her medical care.

WHEREFORE, Plaintiff Estate of Barbara Bell, by and through its Special Administrator, Roberta Anson, prays for judgment against Defendants for such sums as a jury determines to be fair and reasonable together with the costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues of fact to the full extent of their rights under the Constitution and all applicable law.

DOLLAR BURNS & BECKER, L.C.

/s/Rachel D. Stahle
Rachel D. Stahle         #24433
Jill A. Kanatzar         #22315
Tim Dollar, *Pro Hac Vice*
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
(816) 876-2600
(816) 221-8763 (Fax)
ATTORNEYS FOR PLAINTIFF

*Clerk of the District Court, Johnson County Kansas*
*06/08/20 02:16pm ST*